IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **SUN LIFE ASSURANCE COMPANY OF CANADA (U.S.),**  Plaintiff,  v.  **PATRICK C. CORK and EMILY MORGAN, as Executrix of the Estate of Herbert H. Scruggs,**  Defendants. | Civil Action No. 7:12-CV-69 (HL) |

**ORDER**

The Complaint in this case was filed in this court on May 15, 2012. Consistent with this Court's responsibility to examine the subject matter jurisdiction of the cases that come before it, the Court has reviewed the Complaint to determine whether the jurisdictional requirements in this case have been satisfied. *See* Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). After review, the Court has determined that proper subject matter jurisdiction has not been established.

Federal courts are courts of limited jurisdiction. Morrison, 228 F.3d at 1260-61. Article III of the United States Constitution sets the outer boundaries of judicial jurisdiction, and Congress is vested with the discretion to determine the scope of subject matter jurisdiction within that broad constitutional grant. Id. at 1261. Congress can "give, withhold, or restrict such jurisdiction at its discretion,

provided it be not extended beyond the boundaries fixed by the Constitution." Univ. of South Alabama v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (citations omitted).

In this case, Plaintiff Sun Life Assurance Company of Canada ("Sun Life") has alleged federal subject matter jurisdiction based upon diversity of citizenship, as defined in 28 U.S.C. § 1332.[1] Diversity jurisdiction is established through the fulfillment of two statutory requirements: 1) complete diversity between the parties, and 2) an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a)(1).

The amount in controversy has been properly established in the Complaint. Defendants Patrick Cork ("Cork") and Emily Morgan ("Morgan") dispute the death benefits due under a Masters Choice II Variable Annuity on the life of Herbert H. Scruggs (the "Policy"). The benefits under the Policy currently amount to $92,954.11. (Doc. 1, p. 3.) This factual allegation satisfies the Court that the requirement of amount in controversy has been met. However, the citizenship of the parties is still in question.

---

[1] This is also an interpleader action, as defined in 28 U.S.C. § 1335. An interpleader action is not dependent upon the merits of the claims of the parties interpleaded, and to establish jurisdiction, a party must only show that the parties are diverse and the claim exceeds $500 to establish jurisdiction. 28 U.S.C. § 1335; see also Nat. Life Ins. Co. v. Alembik-Eisner, 582 F. Supp. 2d 1362, 1366 (N.D. Ga. 2008). Thus, if Sun Life properly pleads diversity jurisdiction, then the requirements for interpleader jurisdiction will also be established.

A party must distinctly and affirmatively plead citizenship. Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980). Regarding natural persons, citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A complaint merely alleging residency, as opposed to state citizenship or domicile, may be insufficient to invoke diversity jurisdiction. Delome v. Union Barge Line Co., 444 F.2d 225, 233 (5th Cir. 1971). Domicile is not always the same as residence, as a person may reside in one place, but be domiciled somewhere else. Thomas v. Thomasville Toyota, 623 F.Supp.2d 1378, 1381 (M.D. Ga. 2008) (citation omitted). For a corporate defendant, the complaint must allege either the corporation's state of incorporation or principal place of business. Taylor, 30 F.3d at 1367 (citing 28 U.S.C. § 1332). Additionally, when acting in a representative capacity, a decedent's personal representative is deemed to be a citizen of the state of which the deceased was a citizen at the time of her death. See 28 U.S.C. § 1332(c); Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1562 n.1 (11th Cir. 1994); James v. Three Notch Med. Ctr., 966 F. Supp. 1112, 1116 (M.D. Ala. 1997).

In this case, Sun Life states its principal place of business is in Massachusetts. This is sufficient to establish the citizenship of Sun Life. However, proper citizenship has not been established as to the Defendants. Sun Life alleges only the residency of the Defendants and the deceased, not the

3

citizenship. An allegation of residency is insufficient to satisfy the requirements of proper federal subject matter jurisdiction.

Having concluded that the requirements for diversity jurisdiction have not been met, the Court orders Sun Life to file an amended complaint that properly pleads the citizenship of the parties no later than Thursday, May 31, 2012. If Sun Life fails to properly amend the complaint, this Court will dismiss the case for want of proper jurisdiction.

**SO ORDERED**, this the 17th day of May, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr